If it pleases the Court, my name is Michael Bigelow, and I represent Randall Chartier appellate in this case. Was there anything to argue in light of Labrada-Bustamante? I was going to say this Court hasn't made my life particularly easy in light of it's ruling on Thursday. And I would like to thank counsel for advising me. I was on the tarmac in JFK when I learned of the case on Thursday. I read it last night late when I got home. The short answer is probably not, but I'm not going to concede that point. And if I may ever so briefly say what that case is talking about and what we keep talking about in safety valve issues is the mandatory minimum. And what I want to talk about is what is the statutory maximum? The statutory maximum, this is one of those sort of unusual cases. We get them once in a while over the years. We've had them periodically where the mandatory minimum trumps the sentence that would have otherwise been imposed. Here, at the very worst, the guideline range, the maximum sentence he would have been sentenced to at the very worst is 41 months, maybe 48, based on the amount of drugs that were found. So what is the statutory maximum? 3553-F says the statutory maximum is the guideline range. 3553-F takes the mandatory minimum by the scruff of the neck and shakes it and says guidelines rule. We rule.  Well, under the scheme, under Blakely and Booker and Fanfan, what we have is an advisory guideline system, which is fine from my perspective. But what does that do to the findings that the district court can make? Can the district court, for example, under the five factors of 3553-F, can the district court make those findings propounded by the probation officer after his investigation, can the district court take those findings and say, okay, that's great, by a preponderance of the evidence or by clear and convincing evidence, yeah, I find them to be true. I find that he is a leader and supervisor. But golly gee whiz, this is an advisory system that we now have. I'm not going to follow. The difficulty is that you're talking about a decrease, not an increase. But I'm not talking about a decrease. I'm talking we've got two sentencing schemes. There are two sentencing schemes in existence now. 3553-F, which says shall sentence to the guideline range, and 841, which says mandatory minimum. The jury here found that Chartier was involved in a conspiracy involving more than 100 marijuana plants. No argument in that. That meant he had to be sentenced to a term of at least 5 years with a maximum of 40 years. If you're asking for is a safety valve reduction in sentence. I'm asking the court. Which is not at all implicated by, you know, Booker. Shall means shall. Shall means mandatory. Shall means, and that's what 3553 says, shall sentence to the guideline range, notwithstanding any other sentencing scheme. We disagree. As I knew. I don't disagree with what you read, but I'm just disagreeing that a decrease implicates the Booker line of authority. May I do something I don't think I've ever done in all the years I've argued before this court or any other? And that threw me right off my feet. Doesn't shall mean shall doesn't. Isn't that a separate and distinct. And I'm asking the court. Which I don't do. Doesn't it doesn't it. Isn't that the maximum sentence. But for 841 and mandatory minimums. Isn't six months found by the jury. The maximum sentence or even if you take the PSR. I think we get it. Okay. Thank you very much. May it please the court. Thomas Flynn for the United States. I'm almost prepared to submit it, Your Honors, because of Labrada. But I would like to point out. I think that Mr. Bigelow's reading of the statute is not quite correct. It doesn't say shall. It says shall if. And I think it's significant. And then it lists the five factors, each one of which has a not in front of it. The first time Mr. Bigelow described it, he used the word unless. Which I think is not what it says. Shall sentence to the mandatory minimum unless. It's conceivable you could read that as putting the. Shall sentence to the guidelines unless would perhaps fix the guidelines as the default and put on the government the burden of proving that it should be something else. But it says if. So it says shall sentence to the guideline range if the following are. So the default here is the mandatory minimum, not the guidelines. I'd also like to point out that the guidelines themselves in 5G 1.1 say that in this situation, the guideline sentence is the mandatory minimum. If not, I'm prepared to submit it. Thank you. Thank you, counsel. The matter just argued is submitted.
judges: Schroeder, Rymer, Gould